**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KIMBERLY A. SONES, *et al.*,

      Plaintiffs,

    v.

DENTAL EQUIPMENT, LLC, *et al.*,

      Defendants.

No. 4:20-CV-00460

(Judge Brann)

## MEMORANDUM OPINION AND ORDER

**JUNE 30, 2020**

## I.  BACKGROUND

Plaintiffs Kimberly A. Sones and Douglas Sones have sought damages after a medical device damaged Kimberly's vision.[1]  Defendants Dental Equipment, LLC and Kerr Corporation have each moved to dismiss.[2]  The Court lacks personal jurisdiction over either Defendant.  This threshold deficiency compels dismissal. The Court grants Defendants' motions.

## II.  DISCUSSION

### A.  Legal Standards

Defendants' motions proceed in part under Federal Rule of Civil Procedure 12(b)(2).[3]  A Rule 12(b)(2) motion is "inherently a matter which requires

---

[1]  *See* Doc. 1-2.
[2]  *See* Docs. 1-2, 17, 19.
[3]  Defendants' motions also proceed under Federal Rule of Civil Procedure 12(b)(6), but the Court does not see a need to discuss this basis for dismissal.  *See Melaragni v. Sandals*

resolution of factual issues outside the pleadings, i.e. whether *in personam* jurisdiction actually lies."[4]  At the motion to dismiss stage, a plaintiff must "allege sufficient facts to establish a *prima facie* case of jurisdiction over the person."[5]

Once a defendant raises a personal jurisdiction defense, the plaintiff must then "sustain its burden by establishing jurisdictional facts through sworn affidavits, testimony or other qualified evidence."[6]  A plaintiff who "rel[ies] on the bare pleadings alone" does not sustain its burden; a "plaintiff must respond with actual proofs, not mere allegations."[7]

Under Pennsylvania law, the reach of this Court's personal jurisdiction is coextensive with the due process clause of the Fourteenth Amendment to the United States Constitution.[8]  The first and broadest inquiry is whether this Court has general personal jurisdiction.  A party subject to a state's general jurisdiction can be called to answer any claim against him in that forum, regardless of whether the cause of action has any connection to the state.[9]

---

*Resorts*, No. 4:14-CV-1815, 2015 WL 8152123, at *3 (M.D. Pa. Dec. 8, 2015) ("The Court need not address each and every argument, however, as the matter is disposed on the first basis, namely that this Court does not have personal jurisdiction over either [defendant].") (Brann, J.).

[4]   *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

[5]   *Cote v. U.S. Silica Co.*, No. 4:18-CV-01440, 2018 WL 5718285, at *1 (M.D. Pa. Nov. 1, 2018) (citation omitted).

[6]   *Gentex Corp. v. Abbott*, 978 F. Supp. 2d 391, 397 (M.D. Pa. 2013) (citation omitted).

[7]   *Time Share Vacation Club*, 735 F.2d at 66 n.9.

[8]   Fed. R. Civ. P. 4(e); *Time Share Vacation Club*, 735 F.2d at 63.

[9]   *Mellon Bank (East) PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

Absent this general authority, a court may exercise jurisdiction only if specific personal jurisdiction exists.[10]  The United States Court of Appeals for the Third Circuit applies a three-part test to determine whether specific personal jurisdiction exists.[11]  First, the defendant must have "purposefully directed its activities" at the forum state.[12]  Second, the litigation must "arise out of or relate to" at least one of those activities.[13]  Third, if the first two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comports with notions of 'fair play and substantial justice.'"[14]

### B.    Analysis

Here, Defendants have each submitted affidavits that contest the Court's personal jurisdiction and assert Defendants' lack of contacts with the Commonwealth of Pennsylvania.[15]  In response, Plaintiffs rely on their bare pleadings.  Plaintiffs do not provide any additional factual support.[16]

Plaintiffs have presented "unsupported references" – but such references do not make for "competent evidence."  Further, in a motion to dismiss for lack of personal jurisdiction, "the Court must resolve factual disputes in favor of Plaintiff[s]."  Yet "Plaintiff[s] must produce such facts and evidence in the first

---

[10]   *Mellon Bank*, 960 F.2d at 1221.
[11]   *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).
[12]   *Id.* (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).
[13]   *Id.* (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 n. 9, (1984) (internal quotations omitted)).
[14]   *Id.* (*quoting Burger King*, 471 U.S. at 476).
[15]   *See* Docs. 18-1, 20-1.
[16]   *See, e.g.*, Doc. 22-1 at 7-9.

place."  Here, "[Plaintiffs have] simply offered no fact for this Court to take as true."[17]

When a defendant presents suitable affidavits, a plaintiff may not "repose upon their pleadings," but "must counter defendants' affidavits with contrary evidence."[18]  Plaintiffs' recitations of their original allegations do not suffice.  As the Court lacks personal jurisdiction over Defendants, Defendants' motions to dismiss are granted and this case is dismissed.[19]

## III.   CONCLUSION

The Court grants Defendants' motions to dismiss.  **THEREFORE, IT IS HEREBY ORDERED** that:

1.   Dental Equipment, LLC's Motion to Dismiss Pursuant to Rule 12(b)(2) and Rule 12(b)(6), Doc. 17, is **GRANTED**.

2.   Kerr Corporation's Motion to Dismiss Pursuant to Rule 12(b)(2) and Rule 12(b)(6), Doc. 19, is **GRANTED**.

---

[17]  *See McClung v. 3M Co.*, No. CV162301ESSCM, 2019 WL 4668053, at *6, *6 n.4 (D.N.J. Sept. 25, 2019); *see also Gallopo v. Giannella Modern Baking Co.*, No. 4:13-CV-3067, 2014 WL 3735347, at *5 (M.D. Pa. July 28, 2014) ("Plaintiffs have failed to sustain their burden of proof through sworn affidavits or other competent evidence that show Defendant . . . had sufficient contacts with Pennsylvania to establish personal jurisdiction.").

[18]  *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 559 (M.D. Pa. 2009) (emphasis in original).

[19]  Plaintiffs did not request jurisdictional discovery.  But if they had done so, the Court would have denied that request.  *See, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010); *Sathianathan v. Pac. Exch., Inc.*, 248 F. App'x 345, 347 (3d Cir. 2007) ("As plaintiff failed to make even a threshold showing of jurisdiction, he was not entitled to the jurisdictional discovery he claims to have been denied.").

3.      Plaintiffs' Complaint, Doc. 1-2, is **DISMISSED WITHOUT
        PREJUDICE**.[20]

4.      The Clerk of Court is directed to close this case.


                            BY THE COURT:


                            *s/ Matthew W. Brann*
                            Matthew W. Brann
                            United States District Judge

---

[20]   *See Mohler v. Golden 1 Credit Union*, No. 4:17-CV-02261, 2018 WL 7075296, at *6 (M.D.
       Pa. Dec. 17, 2018), *report and recommendation adopted*, No. 4:17-CV-2261, 2019 WL
       247396 (M.D. Pa. Jan. 17, 2019); *see generally Frederiksen v. City of Lockport*, 384 F.3d
       437, 438 (7th Cir. 2004) ("A suit dismissed for lack of jurisdiction cannot also be dismissed
       'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may
       render. . . . 'No jurisdiction' and 'with prejudice' are mutually exclusive.") (citation omitted)
       (Easterbrook, J.).